IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN ALBERT ESTRADA, SR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:01-cv-371-M-BN |
| | § | |
| LORIE DAVIS, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division,[1] | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner John Albert Estrada, Sr., proceeding *pro se*, has filed a motion for

relief from judgment [Dkt. No. 97], addressed to the current Chief Judge of this Court.

Chief Judge Barbara M. G. Lynn has referred the motion to the undersigned United

States magistrate judgment for hearing, if necessary, and recommendation or

determination pursuant to 28 U.S.C. § 636(b). *See* Dkt. No. 99.

The undersigned issues the following findings of fact, conclusions of law, and

recommendation that, because Estrada's motion for relief from judgment invoking

Federal Rule of Civil Procedure 60(b)(4) is substantive, the Court should construe it is

a successive habeas application and deny it without prejudice to Estrada's right to seek

authorization from the United States Court of Appeals for the Fifth Circuit to file such

an application. The undersigned further recommends that the Court should direct the

---

[1] Lorie Davis has succeeded William Stephens as Director of the Texas
Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"),
and, as his successor and the current Director of the TDCJ-CID, she is
"automatically substituted as a party." FED. R. CIV. P. 25(d).

Clerk of the Court to open for statistical purposes a new Section 2254 case (nature of suit 530 directly assigned, per Special Order 3-250, to Chief Judge Barbara M. G. Lynn and United States Magistrate Judge David L. Horan) and to close the same on the basis of any order accepting this recommendation.

## Background

Estrada initiated the current habeas action in this Court in 2001, following state convictions for sexual assault of a child. *See, e.g.,* Dkt. No. 37. The Court denied his initial Section 2254 motion in October 2002. *See* Dkt. No. 40.

Through the current motion, Estrada argues that at least one of his state convictions is void and that the Court's judgment in this action is also void, because at least one indictment in the state criminal proceedings named Estrada's son as the defendant instead of Estrada. *See* Dkt. No. 97 at 1 ("I am no attorney, but the State refuses to acknowledge the void judgment nor allows means to attack this in its state courts. Everyone ignored or missed the jurisdiction issue when this case was before the State and your court."); *see also* Dkt. No. 98 (records submitted in support of this claim). Estrada seeks relief under Rule 60(b)(4). *See* Dkt. No. 97 at 1.

This is not the first Rule 60(b) motion Estrada has filed in this action. *See, e.g.,* Dkt. No. 56. The Court construed that motion, made under Rules 60(b)(3) and 60(b)(6), as an unauthorized successive habeas application and dismissed the construed application without prejudice. *See* Dkt. No. 69 at 2-3.

## Legal Standards and Analysis

The undersigned begins by acknowledging that Estrada sent the present motion from a free-world address. *See* Dkt. Nos. 97 & 100. But that change in his custodial

status does not necessarily preclude him from seeking relief under Section 2254.

A federal court lacks subject matter jurisdiction to entertain a Section 2254 action if, at the time the habeas petition is filed, the prisoner is not "in custody" under the conviction(s) and sentence(s) he seeks to attack. *See* 28 U.S.C. § 2254(a); *Hendrix v. Lynaugh*, 888 F.2d 336, 337 (5th Cir. 1989). A prisoner need not be physically confined to be "in custody" for the purposes of Section 2254.

As the United States Court of Appeals for the Fifth Circuit has explained, "[u]sually, 'custody' signifies incarceration or supervised release, but in general it encompasses most restrictions on liberty resulting from a criminal conviction." *Pack v. Yusuff*, 218 F.3d 448, 454 n.5 (5th Cir. 2000) (citing *Jones v. Cunningham*, 371 U.S. 236, 239-40 (1963)). "For example, a petitioner may challenge his release to parole through a federal habeas petition." *Cady v. Thaler*, C.A. No. V-13-014, 2013 WL 1870057, at *2 (S.D. Tex. Apr. 18, 2013) (citing *Maleng v. Cook*, 490 U.S. 488, 491 (1989)).

But, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492; *see also Hendrix*, 888 F.2d at 337-38 (adverse consequences of expired sentence, including possibility that conviction may be used to impeach future testimony and enhance future punishment, held insufficient to satisfy the "in custody" requirement of Section 2254).

Even if Estrada is "in custody" for Section 2254 purposes, for the reasons

explained below, this Court lacks jurisdiction over his Rule 60(b) motion, because that motion is substantively an unauthorized successive habeas application.

Federal Rule of Civil Procedure 60(b) provides for relief from a judgment or order. Like here, "[w]hen faced with a Rule 60(b) motion filed in response to the denial of a petition for habeas relief, the court must first determine whether the motion 'should be treated as a second or successive habeas petition [or whether] it should be treated as a "true" 60(b) motion.'" *Pursley v. Estep*, 287 F. App'x 651, 653 (10th Cir. 2008) (per curiam) (quoting *Spitznas v. Boone*, 464 F.3d 1213, 1217 (10th Cir. 2006)); *see In re Jasper*, 559 F. App'x 366, 370-71 (5th Cir. 2014) ("In order to prevent conflicts between the strict limitations in [the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")] on second-or-successive habeas petitions and the more lenient restrictions in Rule 60(b) on motions for relief from final judgments, federal courts examine Rule 60(b) motions to determine whether they are, in fact, second-or-successive habeas petitions in disguise." (citing *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005))); *see also Balentine v. Thaler*, 626 F.3d 842, 846-47 (5th Cir. 2010) ("A state prisoner is not entitled to use Rule 60(b) as a broad opening for a second request in the federal court to overturn his conviction. Still, a Rule 60(b) motion, filed several years after an inmate's Section 2254 application had been denied, is in some circumstances an available option." (citing *Gonzalez*, 545 U.S. at 528-29)).

> In *Gonzalez v. Crosby*, the Supreme Court distinguished between a subsequent habeas petition and a Rule 60(b) motion along the lines of substance and procedure. A motion is substantive – and thus a successive habeas petition – if it "seeks to add a new ground for relief," or if it "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under

the substantive provisions of the statutes, entitled to habeas relief." If, however, the motion challenges "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," then a Rule 60(b) motion is proper.

*In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014) (quoting 545 U.S. at 532; footnotes omitted).

Estrada clearly "seeks to add a new ground for relief" – "the jurisdiction issue" – that he assets the state courts and this Court "ignored or missed." Dkt. No. 97 at 1. His motion is therefore substantive and, as such, it is a successive habeas petition. *Cf. Jasper*, 559 F. App'x at 371 ("[B]oth the Supreme Court and the federal courts of appeal have repeatedly noted that 60(b) motions raising additional facts for consideration constitute claims, and therefore should be evaluated as second-or-successive habeas petitions. *See, e.g., Gonzalez*, 545 U.S. at 531-32. As the First Circuit has noted, a motion that 'asks the district court for an opportunity to offer facts that (in the petitioner's view) will prove that his conviction was constitutionally infirm,' raises 'a paradigmatic habeas claim.' *Rodwell v. Pepe*, 324 F.3d 66, 71-72 (1st Cir. 2003)." (internal citation modified)).

Because Estrada's current motion is actually a successive habeas petition in disguise, his failure to obtain authorization from the Fifth Circuit under Section 2244(b)(3) before filing it "acts as a jurisdictional bar to [this] district court's asserting jurisdiction over [it] until [the Fifth Circuit grants him] permission to file [it]." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citations omitted); *accord Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003); *Williams v. Thaler*, 602 F.3d 291, 301 (5th Cir. 2010). Thus,

-5-

it is appropriate for the Court to dismiss the successive [habeas application] without prejudice pending review by a three-judge panel of the Fifth Circuit[, but] it is also appropriate to transfer [it] to the Fifth Circuit for a determination of whether [Estrada] should be allowed to file the successive [application] in the district court.

*United States v. King*, Nos. 3:97-cr-0083-D-01 & 3:03-cv-1524-D, 2003 WL 21663712, at *1 (N.D. Tex. July 11, 2003), *rec. adopted*, 3:03-cv-1524-D, Dkt. No. 7 (N.D. Tex. July 28, 2003) (citing *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997)).

Given Estrada's history of filing unauthorized successive habeas petitions in this action, "a dismissal without prejudice appears more efficient and better serves the interests of justice than a transfer in this instance." *King*, 2003 WL 21663712, at *1.

## Recommendation

Because the Rule 60(b) motion [Dkt. No. 97] is substantive, the Court should construe it is an unauthorized successive habeas application and deny it without prejudice to Estrada's right to seek authorization from the United States Court of Appeals for the Fifth Circuit to file a successive habeas application.

The Court also should direct the Clerk of the Court to open for statistical purposes a new Section 2254 case (nature of suit 530 directly assigned, per Special Order 3-250, to Chief Judge Barbara M. G. Lynn and United States Magistrate Judge David L. Horan) and to close the same on the basis of any order accepting this recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within

14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 16, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE